Memorandum : We hold that nothing in Jackson v. Denno (378 U. S. 368) or People v. Huntley (15 N Y 2d 72) requires this court to overrule our decision in People v. Nicholson (11 N Y 2d 1067) whose holding and reasoning we now approve. (See People v. Rogers, 15 N Y 2d 690.) The defendant, therefore, is not now entitled to a hearing before the trial court on the issue of the voluntariness of his confession. Nor has any argument been advanced to justify or warrant any change or modification of our conclusion, in People v. Howard (12 N Y 2d 65, 68-69), that retroactive effect is not to be accorded to decisions of this court respecting right to counsel. (See, also, People v. Rogers, 15 N Y 2d 690, supra.)
We also hold that the defendant has not presented a triable issue on the question of coercion.
The orders appealed from should be affirmed.
Judges Dye, Van Voorhis, Burke, Scileppi and Bergan concur in Memorandum ; Chief Judge Desmond and Judge Fuld dissent and vote to remand for a hearing since the petition raises a triable issue of fact as to whether the guilty plea was *495 induced by coercion (People v. Picciotti, 4 N Y 2d 340; People v. Pearson, 12 N Y 2d 978; People v. Lake, 14 N Y 2d 790; People v. Zilliner, 14 N Y 2d 834).
Orders affirmed.